**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ERICSSON INC.** and **TELEFONAKTIEBOLAGET LM ERICSSON,** <br><br> Plaintiffs, <br><br> v. <br><br> **APPLE INC.,** <br><br> Defendant. | CASE NO. 2:15-cv-290-JRG-RSP |

**ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than fifteen (15) claims from each patent and not more than a total of forty-eight (48) claims. Not later than fourteen (14) days after service of the Preliminary Election of Asserted Claims, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall

assert no more than eighteen (18) prior art references against each patent and not more than a total of sixty (60).[1]

3.  No later than twenty-eight (28) days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than eight (8) asserted claims per patent from among the fifteen (15) previously identified claims and no more than a total of twenty-four (24) claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than nine (9) asserted prior art references per patent from among the eighteen (18) prior art references previously identified for that particular patent and no more than a total of thirty (30) references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

*Modification of this Order*

4.  Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

**SIGNED this 6th day of November, 2015.**

                                                            ROY S. PAYNE  
                                                            UNITED STATES MAGISTRATE JUDGE